IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARIUS MAGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 17-cv-9368 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| B. DEVINE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, Defendant's Motion for Sanctions (dkt. 98) is granted in part and denied in part. Plaintiff's Amended Complaint (dkt. 25) is dismissed with prejudice. The motion is denied as to the other sanctions Defendants seek. In light of the instant ruling dismissing Plaintiff's Amended Complaint, Plaintiff's Show Cause Motion (dkt. 108), Motion for Extension of Time (dkt. 109), and Motion for Leave (dkt. 110) are denied as moot.

## BACKGROUND

In the instant suit, Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging "deliberate indifference to the health, safety, and Constitutional Rights" of Plaintiff stemming from a slip and fall on a wet stairwell in the Cook County Jail. (Dkt. 25.) However, this is not the only suit that Plaintiff currently has pending in the Northern District of Illinois. Plaintiff has sued in *Magee v. Cianciarulo*, 19-cv-4086, and *Magee v. Cerello*, 19-cv-3873. In each of these suits, the attorney of record for the defendants is Assistant State's Attorney, Dora M. Cornelio. In the *Cianciarulo* case, Plaintiff's allegations relate to unconstitutional conditions of confinement due to infestations of vermin, including mice and cockroaches. *Magee v. Cianciarulo*, 19-cv-4086, Dkt. 10.

On December 3, 2019, the docket in *Cianciarulo* reflects that Plaintiff mailed an "exhibit" to the clerk of court that enclosed two cockroaches in an envelope. *Magee v. Cianciarulo*,

1

19-cv-4086, Dkt. 27. The presiding judge in that case, Judge Wood, directed the clerk's office to destroy the envelope and its contents, and prohibited Plaintiff from filing non-paper submissions without leave of court. *Magee v. Cianciarulo*, 19-cv-4086, Dkt. 23. Plaintiff ignored that order; on December 11, 2019, Judge Wood entered a minute order stating in pertinent part: "Plaintiff has once again submitted a plastic baggie with insects. . . . The Court once again instructs Plaintiff to refrain from submitting any non-paper pleadings, motions, or exhibits without first obtaining leave of Court. If Plaintiff ignores this order again, the Court will summarily dismiss the case." *Magee v. Cianciarulo*, 19-cv-4086, Dkt. 30.

On April 15, 2020, in the case at hand, Plaintiff sent Ms. Cornelio a dead mouse in the mail. (Dkt. 98-2.) In all three cases in which Ms. Cornelio is opposing counsel (including this case), Defendant moved for sanctions pursuant to Federal Rules of Civil Procedure 11 and 37 as well as the Court's inherent powers; Defendant petitions the Court to: 1) dismiss Plaintiff's complaint with prejudice; 2) assess Plaintiff a "strike" for purposes of 28 U.S.C. § 1915(g); 3) enjoin Plaintiff from further filings in the present case until this motion is decided; and 4) stay all other pending suits until Plaintiff pays the filing fees in full. (Dkt. 98 at 12.) Plaintiff does not deny sending the dead mouse to Ms. Cornelio or claim that the mouse was sent unintentionally. Instead, Plaintiff argues that sending a dead mouse through the United States mail to opposing counsel was not done in bad faith or with contempt, and that it was not a violation of Judge Wood's prior order. (Dkt. 112 at ¶ 35.) The Court rejects Plaintiff's arguments, and believes that mailing a dead mouse to opposing counsel is egregiously contumacious behavior that merits dismissal of his Amended Complaint with prejudice.

**DISCUSSION**

Although Defendant moved pursuant to Rules 11 and 37, as well as the inherent authority of the Court, "the inherent authority of the Court is broader" than those rules, so the Court will focus

2

its discussion on that issue. *See Fuery v. City of Chicago*, 2016 WL 5719442, at *1 (N.D. Ill. Sept. 29, 2016) (discussing relationship between Rule 37 and 28 U.S.C. § 1927 with the inherent power). "The Court's inherent authority to rectify abuses to the judicial process authorizes sanctions for certain violations." *Id.* at *2 (citing *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)). The inherent power of the Court includes the sanction "of dismissal with prejudice (or its equivalent, judgment) if the circumstances so warrant," and the Court has discretion to determine the appropriate sanction. *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). "In determining the appropriate sanctions to impose, 'the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process.'" *Fuery* 2016 WL 5719442, at *2 (quoting *Dotson*, 321 F.3d at 667). Dismissal is a severe measure that "should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing." *Dotson*, 321 F.3d at 667. The Court need not consider lesser sanctions if the circumstances justify dismissal, "but the Seventh Circuit has strongly counseled district courts to consider sanctions that are more targeted at the offending attorney before instituting the severe sanction of dismissal or judgment." *Fuery*, 2016 WL 5719442, at *2 (citing *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993)). The Court need not warn a party that the relevant conduct may result in dismissal, "especially where the conduct is particularly egregious or the party or its attorney should have known that their conduct was inappropriate." *Id.*

The Court finds that Plaintiff's conduct – mailing a deceased rodent to opposing counsel – was clearly contumacious and was sufficiently egregious that Plaintiff should have known that his conduct was inappropriate, thereby warranting dismissal. Moreover, Plaintiff has a history of similar conduct, when he twice mailed the clerk's office baggies containing insects. He was ordered to "refrain from submitting any non-paper pleadings, motions, or exhibits without first obtaining leave of Court," by Judge Wood in the *Cianciarulo* case, and warned that violation of that order would

3

result in dismissal of his case. Plaintiff violated that order when he mailed a dead mouse to opposing counsel, and summary dismissal is an appropriate sanction.

While the Court recognizes that the relevant conduct was documented under a separate case number, that will not save Plaintiff here. First, the Court can, and does, take judicial notice of the filings in another case involving the same Plaintiff and opposing counsel as the matter before the Court. Second, as noted above, the opposing counsel in this case and the two cases before Judge Wood all have the same opposing counsel – therefore, the conduct in question was directed at the same counsel that is appearing before this Court in the instant matter, and affects the proceedings before this Court. Finally, even if this were Plaintiff's first such offense in any of his civil matters, the Court believes the behavior exhibited here, standing alone, would warrant dismissal of his case without any warning or previous history of contumacious activity. Sending an expired mouse to opposing counsel under the guise of legal mail is conduct that is well outside the bounds of normal litigation behavior and is so obviously inappropriate that any party who engages in such conduct should know that it may result in dismissal of the case.

Plaintiff makes two arguments in his defense, neither of which persuade the Court that it should not dismiss his case.[1] First, Plaintiff argues that Defendant has failed to prove that he acted in bad faith or "with bad motive, contempt, prior disrespect, misconduct (or) ridicule" toward Ms. Cornelio. (Dkt. 112 at ¶ 35.) The Court rejects this argument. Setting aside the fact that Plaintiff has not cited any case law supporting his contention that Defendant must prove bad faith, the Court finds that mailing a dead mouse to your opposing counsel is *per se* evidence of bad faith, disrespect, contempt, misconduct, ridicule, and any other pejorative adjective in that vein. Plaintiff appears to

---

[1] Plaintiff's brief contains many arguments that are not relevant to the instant motion, focusing more on discovery disputes with Ms. Cornelio and the merits of Plaintiff's various lawsuits. The Court does not reach any of those issues in this opinion, as they are not pertinent to the matter before the Court regarding Plaintiff's sanctionable conduct.

4

argue that he made this error because he is not an attorney and that it should be excused as harmless. One does not need to be a licensed attorney to know that mailing deceased vermin to people is unacceptable behavior, and Plaintiff's *pro se* status will not protect him in this instance.[2] Nor does the Court believe the error was harmless; to the contrary, Ms. Cornelio was harmed by this conduct and brought the instant motion for sanctions as a result.

Next, Plaintiff asserts he did not violate Judge Wood's order because he mailed the dead mouse to Ms. Cornelio, not the clerk's office for the Northern District of Illinois. The Court also rejects this argument. The language in Judge Wood's orders prevents Plaintiff from "submitting" non-paper materials; the verb "submit" is broad enough to include both filings to the Court and submissions of materials to opposing counsel in discovery. Therefore, the Court finds that Plaintiff did violate Judge Wood's order. Moreover, even if Judge Wood's order were as narrow as Plaintiff construes, no reasonable person could believe that Judge Wood's concern with Plaintiff's mailing vermin to the Court was the intended recipient of the bags of insects and not the act of mailing the dead insects itself. Mailing a mouse corpse to Ms. Cornelio certainly violated the spirit of Judge Wood's order, if not the letter. Additionally, as discussed above, the Court finds that Plaintiff's action was so egregious here that it would justify dismissal standing alone. The Court rejects this argument and believes that dismissal of the case is appropriate.[3]

---

[2] To the extent Plaintiff is attempting to argue he mailed the mouse to Ms. Cornelio as an attempt to preserve evidence of his conditions of confinement, the Court does not believe that even a *pro se* litigant would conclude that mailing animal carcasses to opposing counsel is the proper way to do so. The Court is sympathetic to Plaintiff's situation as a pre-trial detainee, who has not been convicted of the alleged crimes that have resulted in his incarceration, being subjected to alleged infestations of vermin and a COVID-19 outbreak in the Cook County Jail at the time he mailed the mouse to Ms. Cornelio. Certainly, it is understandable to feel frustrated by the deliberate pace of civil ligation in federal court in those circumstances, but that does not excuse Plaintiff's behavior here, and the Court cannot tolerate such treatment of attorneys and parties who appear before it in civil litigation.

[3] The Court declines to grant any of the other relief Defendant seeks. The Court will not enjoin Plaintiff from further filings in this case because the Court denies Plaintiff's remaining pending motions as moot in light of this dismissal order. The Court will not stay all other pending suits until Plaintiff pays the filing fees in full because the Court does not have the authority to stay proceedings before Judge Wood. Nor will the Court enter a "strike" against Plaintiff for purposes of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). That statute

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Sanctions (dkt. 98) is granted in part and denied in part. Plaintiff's Amended Complaint (dkt. 25) is dismissed with prejudice. Plaintiff's Show Cause Motion (dkt. 108), Motion for Extension of Time (dkt. 109), and Motion for Leave (dkt. 110) are denied as moot.

**ENTERED: August 25, 2020**

_____
U.S. Magistrate Judge, Susan E. Cox

---

states that so-called "strikes" will be entered against a litigant if a case is dismissed on the grounds that it was "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court is not making any findings regarding the merits of Plaintiff's underlying claims. While the Court concludes that Plaintiff's behavior was contumacious and deserves dismissal as a sanction, it cannot say that Plaintiff's suit itself was frivolous or malicious such that a strike is warranted for purposes of the PLRA.